Roger PICARD, Thalia Picard,
Ted Bolls, Plaintiffs,

v.

BAY AREA REGIONAL TRANSIT DISTRICT, a public entity, and Does 1 through 100, Defendants.

No. C 92–4690 BAC.

United States District Court,
N.D. California.

May 11, 1993.

Alice M. Beasley, Erickson, Beasley, Hewitt & Wilson, San Francisco, CA, for defendants.

Anthony B. Varni, Varni, Fraser, Hartwell, Lanferman & Rogers, Hayward, CA, for plaintiffs.

## ORDER

CAULFIELD, District Judge.

### INTRODUCTION

Roger Picard, Thalia Picard, and Ted Bolls (plaintiffs) move for remand of this action to state court and for an award of attorney's fees incurred in bringing this motion. For the reasons set forth below, plaintiffs' motion and request are DENIED.

### BACKGROUND

Plaintiffs own property in Alameda County situated between Paseo Padre Parkway and Washington Boulevard, and between the Southern Pacific and the Union Pacific Railroads. Defendant, Bay Area Rapid Transit District ("BART"), is a governmental agency having the power of eminent domain. On November 3, 1992, plaintiffs brought an action for damages against defendant in California Superior Court, County of Alameda, Southern Division, Case No. H–165436–7.

In or about May, 1962, BART began approving studies and plans showing extensions to its system that would require acquisition of plaintiffs' property. BART has continued to approve such studies and plans over the last thirty years. The most recent study confirming the alignment of the extension through plaintiffs' property is a final environmental impact report BART certified and adopted no earlier than 1991. Within the last five years, BART has repeatedly designated plaintiffs' property for acquisition in resolutions, plans, and public announcements. BART also has demanded that other public agencies, such as the City of Fremont, restrict or discourage development of plaintiffs' property for uses other than the extension.

BART acquired a portion of plaintiffs' property in or about 1987. BART's plans continue to indicate that acquisition of the remaining portions of the property will be necessary to build the extension; however, thus far BART has failed to acquire the remainder of the property, or to commence proceedings to condemn it. Plaintiffs maintain that BART's delay in instituting condemnation proceedings has depressed the fair market value of their property and has deprived them of its pre-announcement benefit and value.

The complaint contains two causes of action: an inverse condemnation claim based on BART's unreasonable pre-condemnation activities; and, a claim alleging a violation of plaintiffs' federal constitutional rights to substantive due process, procedural due process, equal protection of the laws, and just compensation under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983.[1] Plaintiffs' also base the just compensation claim of the second cause of action on provisions of the California Constitution.[2]

BART filed a notice of removal with this court on December 2, 1992, pursuant to 28 U.S.C. § 1441(b), which provides removal jurisdiction over cases involving a federal question. On December 31, 1992, plaintiffs

---

1. Plaintiffs' § 1983 claim alleges, "Defendants have otherwise denied or interfered with federally-protected civil rights of plaintiffs in violation of 42 U.S.C. § 1983." Because the complaint does not particularize these claims, the court interprets plaintiffs' invocation of § 1983 as a statutory basis only for their just compensation, procedural due process, substantive due process, and equal protection claims.

2. Plaintiffs' complaint does not clarify whether the first cause of action is based on state or federal law. As the taking claim of the second cause of action clearly arises under both federal and state law, the court treats the taking claim of the first cause of action likewise.

filed a timely motion for remand of the removed action to state court and a request for attorney's fees, pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

I. *Because this Court Has Subject Matter Jurisdiction Over This Action, Section 1447(c) Does Not Require Remand to State Court*

Plaintiff argues that pursuant to the Judicial Code, which requires that a removed case be remanded to state court if "it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c), the court must remand this matter to state court. Defendant notes that some of plaintiffs' claims arise under federal law; therefore, in determining whether remand is proper the court follows the well-pleaded complaint rule:

> [F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). An examination of plaintiffs' complaint under the well-pleaded complaint rule reveals a basis for this court's exercise of jurisdiction.

### A. This Court Does Not Have Subject Matter Jurisdiction Over Plaintiffs' Taking Claims

In their first cause of action, plaintiffs allege an inverse condemnation of their property based on BART's unreasonable pre-condemnation activities. The second cause of action alleges that plaintiffs have been denied state and federal constitutional protection against the taking or damaging of property without just compensation. This second taking claim is apparently based on the same theory as the first. To the extent that plaintiffs' taking claims arise under state law, no federal question is presented. BART contends, however, that because plaintiffs base their taking claims in part on the U.S. Constitution, federal jurisdiction exists under 28 U.S.C. § 1331.

A claim for unreasonable pre-condemnation activity states a type of regulatory taking claim. *Kaiser Dev. Co. v. City and County of Honolulu,* 913 F.2d 573, 575 (9th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991), and *cert. denied,* — U.S. ——, 111 S.Ct. 1430, 113 L.Ed.2d 484 (1991). To the extent such claims are based on the U.S. Constitution, a federal question is raised. In *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 186, 105 S.Ct. 3108, 3116, 87 L.Ed.2d 126 (1985), however, the Supreme Court articulated two requirements that must be fulfilled before a regulatory taking claim is ripe for adjudication in federal court: First, "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Id.* at 186, 105 S.Ct. at 3116; *accord MacDonald, Sommer & Frates v. County of Yolo,* 477 U.S. 340, 348, 106 S.Ct. 2561, 2566, 91 L.Ed.2d 285 (1986) (government entity must have reached "a final and authoritative determination of the type and intensity of development legally permitted on the subject property"). Second, a takings claim may not be presented in federal court if the state courts are available to provide compensation: "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.,* 473 U.S. at 195, 105 S.Ct. at 3121.

The first of these two ripeness requirements, finality, is concerned with "whether the initial decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." *Williamson County,* 473 U.S. at 193, 105 S.Ct. at 312. "Regardless of the type of claim, it is generally impossible to determine the extent of the infringement absent a final determination by the relevant government body." *Sinaloa Lake Owners Ass'n v. City of Simi Valley,*

882 F.2d 1398, 1404 (9th Cir.1989), *cert. denied*, 494 U.S. 1016, 110 S.Ct. 1317, 108 L.Ed.2d 493 (1990). The second requirement, exhaustion of available state compensation remedies, "derived from 'the special nature of the Just Compensation Clause' ... states only that the just compensation clause cannot be violated until the state has subsequently declined to pay for the taking." *Id.*, (citation omitted).

### 1. Plaintiffs' Taking Claims Are Not Ripe Under the Exhaustion of Available State Compensation Remedies Requirement

■ The second of these ripeness requirements, exhaustion of available state compensation remedies, is determinative of the jurisdictional question presented by plaintiffs' taking claims. The exhaustion requirement arises from the fact that the Just Compensation Clause does not require pre-taking compensation. *Williamson County*, 473 U.S. at 195, 105 S.Ct. at 3121. The clause therefore cannot be violated until the state has subsequently declined to pay for the taking. *Sinaloa Lake*, 882 F.2d at 1404. If a state's courts offer an adequate procedure for seeking just compensation, the state has not declined to pay for the taking unless the plaintiff has pursued that remedy and has been denied relief. *Jama Constr. v. City of Los Angeles*, 938 F.2d 1045, 1047–48 (9th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1293, 117 L.Ed.2d 516 (1992). Accordingly, until state court procedures have been pursued, federal courts lack subject matter jurisdiction over taking claims. *Id.* at 1048; *Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir.1990), *cert. denied*, — U.S. —, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991); *Sinaloa Lake*, 882 F.2d at 1404.

■ A state's procedures for obtaining compensation are considered adequate within the terms of *Williamson County* unless it is shown that "the state courts establish that landowners may not obtain just compensation through an inverse condemnation action under any circumstances." *Austin v. City and County of Honolulu*, 840 F.2d 678, 681 (9th Cir.1988), *cert. denied*, 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988). No such showing has been made here. As in *South-*

*ern Pacific*, plaintiffs in this action allege unreasonable pre-condemnation activity by the defendant, a cause of action for which money damages are available under California law. *Klopping v. City of Whittier*, 8 Cal.3d 39, 52, 500 P.2d 1345, 104 Cal.Rptr. 1 (1972); *Toso v. City of Santa Barbara*, 101 Cal.App.3d 934, 952, 162 Cal.Rptr. 210 (1980), *cert. denied*, 449 U.S. 901, 101 S.Ct. 271, 66 L.Ed.2d 131 (1980); *see Southern Pacific*, 922 F.2d at 505. This cause of action provides a procedure plaintiffs may use for seeking just compensation. Because of the removal of this action to federal court, plaintiffs have not yet pursued relief in the state courts. This court therefore does not have subject matter jurisdiction over plaintiffs' federal taking claims.

### ·B. This Court Has Subject Matter Jurisdiction Over Plaintiffs' Remaining Federal Claims

In addition to their taking claims, plaintiffs allege in their second cause of action that BART deprived them of their rights to substantive due process, procedural due process, and equal protection. Jurisdiction over these types of claims is conferred by 28 U.S.C. §§ 1331 and 1343(a)(3). The court turns to whether plaintiffs' claims are ripe.

### 1. The Exhaustion of Available State Compensation Remedies Requirement Does Not Apply to Plaintiffs' Remaining Federal Claims

■ Unlike plaintiffs' taking claims, their remaining federal claims are not barred by the requirement that available state compensation remedies must be exhausted before pursuing a remedy in federal court. Reviewing the dismissal on ripeness grounds of appellants' substantive and procedural due process claims, the Ninth Circuit recently held that the exhaustion requirement has no application to such claims, "even where [the] claims arise out of facts that also give rise to a taking claim." *Sinaloa Lake*, 882 F.2d at 1404. The Ninth Circuit upheld the district court's dismissal of appellants' taking claim because appellants had failed to pursue available state court remedies, but reversed the district court's dismissal of the substantive

and procedural due process claims. *Id.* at 1404, 1411.

### 2. *Plaintiffs' Remaining Federal Claims Are Ripe Under the Finality Requirement*

■ Plaintiffs are correct in arguing that their rights to substantive due process and equal protection are subject to *Williamson County's* finality requirement. The Ninth Circuit recently faced this issue in *Southern Pacific.* Appellants in that case alleged that their rights to substantive due process and equal protection had been violated by the same governmental actions they claimed constituted a taking. The court observed:

> [a]ll as-applied challenges to regulatory takings, whether based on the just compensation clause, the due process clause or the equal protection clause, possess the same ripeness requirement: a final determination by the relevant government body.

*Southern Pacific,* 922 F.2d at 505 (citations omitted); *accord Del Monte Dunes at Monterey, Ltd. v. City of Monterey,* 920 F.2d 1496, 1507 (9th Cir.1990); *Hoehne v. County of San Benito,* 870 F.2d 529, 532 (9th Cir. 1989). The Ninth Circuit also has held that if a procedural due process claim relates to the process by which the government entity would reach its final determination, the finality requirement also applies to it. *Herrington v. County of Sonoma,* 857 F.2d 567, 569 n. 1 (9th Cir.1988), *cert. denied,* 489 U.S. 1090, 109 S.Ct. 1557, 103 L.Ed.2d 860 (1989); *see Kinzli v. City of Santa Cruz,* 818 F.2d 1449, 1456 (9th Cir.1987), *modified in other respects,* 830 F.2d 968 (9th Cir.1987), *cert. denied,* 484 U.S. 1043, 108 S.Ct. 775, 98 L.Ed.2d 861 (1988) (procedural due process

claim found not to be ripe because substantive due process claim was not ripe).

■ In discussing the finality requirement, Supreme Court and Ninth Circuit decisions generally focus on whether the range of beneficial uses that plaintiffs may make of their property has been clearly established by existing decisions of the government entity charged with implementing the regulations in question. *Del Monte Dunes,* 920 F.2d at 1501. The courts have found that the range is not clear until development proposals formally submitted by the landowner have been rejected and the government entity has authoritatively determined the type and intensity of development that land use regulations will allow on the subject property. *Id.*

Where the government entity, through formal announcement or action, has exhibited its intent to acquire the property for public use or benefit, however, the possible beneficial uses of the property available to the plaintiff are not at issue. *See, e.g., Kaiser Dev. Co. v. City and County of Honolulu,* 649 F.Supp. 926, 943 (D.Haw.1986), *aff'd,* 898 F.2d 112, 113 (9th Cir.1990), *supplemental opinion,* 899 F.2d 18 (9th Cir.1990), *amended,* 913 F.2d 573 (9th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991), and *cert. denied,* —— U.S. ——, 111 S.Ct. 1430, 113 L.Ed.2d 484 (1991). ("An analysis of beneficial uses is irrelevant ... to a claim for inequitable precondemnation activities"); *Sinaloa Lake,* 882 F.2d at 1402 ("A physical taking ... is by definition a final decision, and thereby meets *Williamson County's* first exhaustion requirement"). In such cases, the courts have not required plaintiffs to overcome the hurdles they typically must to meet the finality requirement.[3] *Id.*

---

**3.** In *Southern Pacific,* a case in which appellants alleged unreasonable precondemnation activity, the Ninth Circuit found that the appellants had not satisfied *Williamson County's* finality requirement because they had failed to submit a meaningful development proposal to the appellee city. *Southern Pacific,* 922 F.2d at 501. *Southern Pacific* is distinguishable from the district court opinion in *Kaiser, Sinaloa Lake,* and the instant case, however, because the challenged government action in *Southern Pacific* was not a decision by the city showing an intent to condemn the appellants' property, but rather the adoption and application of ordinances downzoning appel-

lants' properties to permit surface parking only. *Id.* While appellants argued that the downzoning was intended to depress the value of their properties to reduce the city's acquisition costs, the final list of findings adopted by the city to justify the rezoning did not reflect an intent on the city's part to acquire the properties for public use. *Id.* Rather, the city's findings contemplated use of the properties by the plaintiffs. *Id.* Reasons listed included a lack of adequate parking facilities in the vicinity of the properties and continuity with existing uses on the properties. *Id.* The Ninth Circuit therefore analyzed the

The Ninth Circuit has not yet clearly addressed how *Williamson County*'s finality requirement should be applied in a case such as this one, in which the plaintiff has alleged that the government entity has delayed initiating condemnation proceedings after announcing an intent to condemn the property for public use. Ninth Circuit decisions prior to *Williamson County*, however, clearly establish an "official action" requirement in this type of case that is based on finality concerns similar to those discussed in *Williamson County*.

■ Under the official action requirement, a threshold determination in analyzing a taking claim based on unreasonable pre-condemnation activity is whether the government entity has taken official action to designate the property for acquisition. *Richmond Elks Hall Ass'n v. Richmond Redevelopment Agency*, 561 F.2d 1327, 1331 (9th Cir.1977); *see Kaiser*, 913 F.2d at 576 n. 3. Courts have found official action where property owners were given notice of acquisition, *Foster v. City of Detroit*, 254 F.Supp. 655, 665–66 (E.D.Mich.1966), *aff'd*, 405 F.2d 138 (6th Cir. 1968), and where a resolution was adopted requiring acquisition of all property within a redevelopment area, *Richmond Elks*, 561 F.2d at 1331. If the court finds that the government entity has acted officially, a taking may be found if the government entity then excessively delays condemnation proceedings to the plaintiff's injury. *Richmond Elks*, 561 F.2d at 1331; *Martino v. Santa Clara Valley Water Dist.*, 703 F.2d 1141, 1147 (9th Cir.1983), *cert. denied*, 464 U.S. 847, 104 S.Ct. 151, 78 L.Ed.2d 141 (1983); *see Urbanizadora Versalles, Inc. v. Rivera Rios*, 701 F.2d 993, 994, 996–97 (1st Cir.1983) (ordinance that for fourteen years reserved appellant's property for future public improvements or condemnation placed "cloud of condemnation" over property amounting to unconstitutional deprivation). In *Richmond Elks*, a taking based on an excessive pre-condemnation delay was found when six years after designating the landowner's property for acquisition, the government agency rescinded the designation. *Richmond Elks*,

561 F.2d at 1329–30. During the six years, the agency's action had rendered the property unsalable in the open market, severely limited its uses, caused commercial lenders to refuse to make loans on the subject property, and impaired the landowner's rents and profits. *Id.* at 1331.

As a California Court of Appeal recently noted in applying a similar state law rule, an official action requirement is necessary if a court is to determine whether impermissible delay has taken place, and to distinguish a government entity's planning activities from its acquisition strategies:

> There must have been either some formal announcement by the condemning agency of its intention to condemn, or some other official act or expression of intent to acquire the property in question.... [W]here there has been no official action amounting to an announcement of intent to condemn, there could be no liability based on unreasonable delay following such an announcement.... The pivotal issue in every case is whether the public agency's activities have gone beyond the planning stage to reach the "acquiring stage."

*Terminals Equip. Co., Inc. v. City and County of San Francisco*, 221 Cal.App.3d 234, 245–46, 270 Cal.Rptr. 329 (1990).

■ Given the similar rationale for the official action requirement and *Williamson County*'s finality requirement, this court finds that where (1) plaintiffs have met the official action requirement by showing that a government entity has officially indicated its intention to acquire the plaintiffs' property for public use, and (2) plaintiffs have shown actual concrete injury caused by the government entity's unreasonable delay in condemning the property, the finality requirement has been satisfied.

Plaintiffs' complaint makes the necessary showing. Plaintiffs allege that over the last five years BART repeatedly and in various ways has announced its intention to acquire their property. They further allege that BART thus far has not commenced proceedings to condemn the property. For the pur-

---

finality requirement based on whether appellants had secured decisions from the city sufficient to

allow a determination of what beneficial uses remained for the properties. *Id.* at 503–04.

pose of ruling on this motion, the court accepts as true plaintiffs' contentions that BART has interfered with their property rights by demanding that other public agencies, such as the City of Fremont, restrict or discourage the development of their property for uses other than the extension; and that the delay in condemnation has depressed the fair market value of the property and deprived them of its pre-announcement benefit and value.

Having met the finality requirement, plaintiffs' substantive due process, procedural due process, and equal protection claims are ripe for federal adjudication. The court therefore has subject matter jurisdiction over these claims. Remand of the case to state court is not required by 28 U.S.C. § 1447(c).

## II. *Abstention Is Not Appropriate in this Case*

■ Plaintiffs urge that even if remand is not required by 28 U.S.C. § 1447(c), this court should nonetheless abstain from hearing this case under the abstention doctrine of *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In general, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813–14, 96 S.Ct. 1236, 1244–45, 47 L.Ed.2d 483 (1976). The Ninth Circuit has held that abstention under *Pullman* is appropriate only where three conditions exist:

(1) the complaint must touch a sensitive area of social policy into which the federal courts should not enter unless there is no alternative to adjudication; (2) a definitive ruling on the state issues by a state court could obviate the need for constitutional adjudication by the federal courts; and (3) the proper resolution of potentially determinative state law issue is uncertain.

*Kollsman v. City of Los Angeles,* 737 F.2d 830, 833 (9th Cir.1984), *cert. denied,* 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

Plaintiffs make no argument as to why abstention would be appropriate in this case. This court finds that the "exceptional circumstances" necessary to justify abstention are not present here. *See Colorado River,* 424

U.S. at 813, 96 S.Ct. at 1244. The question of whether plaintiffs' rights were violated by BART's actions and failures to act does not involve an area of sensitive social policy. A definitive ruling by a state court on whether a taking has occurred would not obviate the need to address plaintiffs' substantive due process, procedural due process, and equal protection claims. Nor does the state law taking claim pose an issue of first impression for the California courts, or one that otherwise is subject to an unusual degree of uncertainty. Accordingly, plaintiffs' request for abstention is DENIED.

## III. *This Court Will Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Taking Claims*

Given that this court will exercise jurisdiction over plaintiffs' substantive due process, procedural due process, and equal protection claims, the court now considers whether to exercise supplemental jurisdiction over plaintiffs' state law taking claims.

■ Supplemental (formerly pendent) jurisdiction exists where state law claims are so related to claims over which the court has federal question jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). The conferral of jurisdiction by § 1367(a) is broad:

[Section 1367(a)] gives federal courts supplemental jurisdiction to the limits Article III of the Constitution permits, and in this way ratifies and incorporates the constitutional analysis of the Supreme Court made in [*United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)].

Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3567.3, 39 (2d ed. Supp.1992).

■ *Gibbs* held that pendent jurisdiction exists where there is a sufficiently substantial federal claim to confer federal jurisdiction and "a common nucleus of operative facts" between the state and federal claims such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *Gibbs,* 383 U.S. at 725, 86 S.Ct.

at 1138; *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 603 (3rd Cir.1991) (applying *Gibbs* to § 1367(a)). A federal claim is insubstantial if it is "absolutely devoid of merit" or "obviously frivolous". *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

Contrary to plaintiffs' suggestion, their procedural due process, substantive due process, and equal protection claims—as pleaded in the complaint—are not insubstantial. *See Sinaloa Lake*, 882 F.2d at 1404. Given that plaintiffs' federal and state law claims are based on the same factual allegations, the court finds that supplemental jurisdiction exists in this case.

■■ Plaintiffs contend that the court may decline to exercise supplemental jurisdiction where the state law claim substantially predominates over the claim on which the court's removal jurisdiction is based. 28 U.S.C. § 1367(c)(2). This ground for declining jurisdiction restates the second factor for declining jurisdiction discussed in *Gibbs. Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139–40; *see* John B. Oakley, *Recent Statutory Changes in the Law of Federal Jurisdiction and Venue: The Judicial Improvements Acts of 1988 and 1990*, 24 U.C. Davis L.Rev. 735, 766–67 n. 118 (1991). The Supreme Court explained this factor as follows:

> [i]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Gibbs*, 383 U.S. at 726–27, 86 S.Ct. at 1139.

Plaintiffs' state law claims do not substantially predominate over their federal claims. Plaintiffs' substantive due process, procedural due process, and equal protection claims are based on the same conduct that forms the basis of their state law taking claim. While different legal theories are involved, each will require virtually the same evidentiary presentation at trial. Further, the distinctions between these theories are not so subtle as to cause jury confusion if they are raised in a single trial. *See Gibbs*, 383 U.S. at 727, 86 S.Ct. at 1139. Finally, in their complaint, plaintiffs pray for a single measure of damages—those general and special damages incurred as a direct and proximate result of BART's unreasonable pre-condemnation delay *and* its denial of plaintiffs' civil rights. The court does not feel that section 1367(c)(2) provides a basis for declining jurisdiction in this case.

The court's only concern in exercising supplemental jurisdiction is whether the interest in having a California court hear plaintiffs' taking claims is sufficiently compelling that this court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(4).[4] In *Williamson County*, the Supreme Court held that taking claims are not ripe for federal adjudication until state courts have heard the claims and have failed to provide compensation. *Williamson County*, 473 U.S. at 195, 105 S.Ct. at 3121. The Ninth Circuit has opined that the Supreme Court erected barriers to federal jurisdiction in *Williamson County* "to guard against the federal courts becoming the Grand Mufti of local zoning boards." *Hoehne*, 870 F.2d at 532. Plaintiffs suggest that by exercising supplemental jurisdiction in this case, the court might be taking on this role.

■■ Given the facts underlying this case and the various claims alleged, the court does not believe that the interest in having a state court rule on plaintiffs' taking claims is sufficiently compelling to rationalize bifurcating this action into separate state and federal proceedings. The Ninth Circuit observed in *Sinaloa Lake* that a district court may properly exercise pendent jurisdiction over a state taking claim after having dismissed a federal taking claim for lack of ripeness if the district court has subject matter jurisdiction over another claim in the action. *Sinaloa Lake*, 882 F.2d at 1404 n. 4. Though *Sinaloa Lake* was decided before § 1367 became effective on December 1, 1990, the Ninth Circuit's comments regarding supplemental jurisdiction remain applicable. There is a strong judicial interest in having claims that are based on the same factual foundation

---

**4.** Section 1367(c)(4) allows a district court to decline to exercise jurisdiction if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

heard in the same forum. Additionally, the procedure for seeking a post-deprivation remedy that California offers to landowners is one that this court is competent to rule upon. This court will exercise supplemental jurisdiction over plaintiffs' state law claims. Plaintiffs' motion for remand of this case to state court is therefore DENIED.

IV. *Where a Case Is Not Remanded, an Award of Attorney's Is Not Appropriate*

Plaintiffs have requested that the court award attorney's fees incurred in bringing their motion for remand. Section 1447(c) allows an order remanding a case to require the payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). As remand has not been ordered, an award of attorney's fees is not appropriate in this case. Plaintiffs' request for attorney's fees is therefore DENIED.

### CONCLUSION

Plaintiff's federal taking claims are not ripe for adjudication. However, because plaintiffs' procedural due process, substantive due process, and equal protection claims pose federal questions that are ripe, the court has subject matter jurisdiction over this action. Therefore, remand is not required by 28 U.S.C. § 1447(c). The court declines to abstain from exercising jurisdiction over the due process and equal protection claims. In the interest of judicial economy, the court will exercise supplemental jurisdiction over plaintiffs' state taking claims.[5] Accordingly, plaintiffs' motion for remand of this action to state court is DENIED. Having found that remand is not appropriate, plaintiffs' request for attorney's fees is DENIED.

IT IS SO ORDERED.

---

**5.** Once this court has ruled on the merits of plaintiffs' state law taking claims, plaintiffs' federal taking claims will become ripe. The court will turn to them at that time.